█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HENRIQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered January 26, 1976, convicting him of possession of weapons and dangerous instruments and appliances, as a felony, after a nonjury trial, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress certain physical evidence and a statement given by him to the police prior to his arrest. Judgment reversed, on the law and the facts, motion to suppress certain physical evidence granted, indictment dismissed and case remanded to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The weapon in question was seized when the police responded to a radio call of a "violent argument" at a particular residence in Brooklyn, New York. At a *Huntley* hearing, a police officer testified that the defendant's "common-law" wife, Lois Smalley, with whom he lived, told him that the defendant had a gun. She and her mother then led the officer to a closet on the lower floor of the duplex apartment, where the gun was discovered. At trial, the officer, testifying from his notes, gave the same version of the facts on the People's direct case. However, on cross-examination, when asked who told him that the defendant had a gun, the officer replied that it was Ms. Smalley's mother. He further stated that at that time the defendant and Smalley were still arguing. When asked if Smalley's mother then led him downstairs, the officer replied "Yes". The officer also stated on cross-examination that he could not recall if Smalley and the defendant were still arguing when he returned upstairs with her mother. If Smalley and the defendant were arguing during this whole period of time, then Smalley could not have led the officer downstairs to the closet containing the gun. In addition, Smalley testified that her mother "gave the cops the gun". In passing on the motion to suppress the gun the trial court stated: "the mother-in-law was the one who brought [the police] downstairs. That's what the testimony was." At another point the court stated that "The complainant and mother took the officer down to the basement kitchen closet." If the defendant's "common-law" wife had led the police to the gun, it would have been admissible against him, since her consent to the search would be sufficient to permit a seizure of a gun illegally possessed by the defendant (see *United States v Matlock,* 415 US 164; *People v Garcia,* 63 AD2d 704). However, the People carry the "heavy burden" of establishing this voluntary consent (see *People v Kuhn,* 33 NY2d 203, 208). In light of the contradictory testimony of the police officer and the confusion, even in the mind of the trial court, as to who consented to the search, the People failed to meet the burden of demonstrating a valid consent. Therefore, the trial court should have suppressed the weapon seized. In light of our

disposition of this case, we do not pass on the other argument raised by the defendant. Damiani, Margett and Martuscello, JJ., concur.

Mollen, P. J., dissents and votes to affirm the judgment, with the following memorandum: Testimony adduced at the hearing on defendant's motion to suppress the weapon in question fully supports the trial court's conclusion that the police officers acted properly and that, under the circumstances then existing, there was not an unreasonable search of the premises. Therefore, there was no violation of the defendant's right against an unreasonable search and seizure and the motion to suppress was properly denied. Defendant's other contentions are similarly devoid of merit and therefore I would affirm.