■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GOLDSMITH and ELAINE GOLDSMITH, Appellants.—Consolidated appeals (1) by defendant Frank Goldsmith from a judgment, upon resentence, of the County Court, Suffolk County, rendered September 13, 1979, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence and (2) by defendant Elaine Goldsmith from a judgment of the same court, rendered February 15, 1979, convicting her of criminal possession of a controlled substance in the first degree, upon her plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of a motion to controvert a search warrant and to suppress certain tangible evidence and statements made by defendant Frank Goldsmith. Judgments reversed, on the law and the facts, pleas vacated and motion to suppress granted, except as to those items seized in defendants' garage pursuant to a search warrant issued by the First District Court, Suffolk County, on February 10, 1977 and the matters are remanded to the County Court, Suffolk County, for further proceedings not inconsistent herewith. In our view, in light of the sharp dispute in the hearing testimony regarding the voluntary nature of the consent to search the defendants' house and the demonstrated inconsistencies in the testimony of the only police officer called in support thereof, we

do not believe that the People have sustained their "heavy burden" of establishing a voluntary consent (see *People v Gonzalez,* 39 NY2d 122, 128; *People v Kuhn,* 33 NY2d 203, 208; *People v Henriquez,* 68 AD2d 892). In this regard, we note that at the suppression hearing defendants' adduced substantial evidence tending to establish that the "co-operation" and alleged consent of defendant Frank Goldsmith, *inter alia,* to a search of his house was induced by the threats of police officers executing a search warrant for his garage that if he failed to co-operate both his wife and a friend on the premises would be arrested and his house torn apart. In contradiction, the People relied upon the testimony of the supervising detective, which testimony was, in many respects, inconsistent with the detective's Grand Jury testimony and with certain documents prepared by him at the scene of the search. In light of the sharp factual dispute engendered by the testimony of the parties' witnesses, the People should have called one or more of the remaining six or seven officers who participated in the search. Accordingly, the People having failed to sustain their burden of proving that under the totality of the circumstances, the defendants' consent was voluntary, all of the contraband (including the handgun) seized from the defendants' home pursuant to the warrantless search thereof must be suppressed (see *People v Gonzalez, supra; People v Litt,* 71 AD2d 926). Somewhat similarly, the statements attributed to defendant Frank Goldsmith and deemed admissible by the motion court must likewise be suppressed, as they were the product of the same coercion and thus have not been proven to be voluntary beyond a reasonable doubt (see *People v Huntley,* 15 NY2d 72, 78). We have considered defendants' remaining contentions and find them to be without merit. The motion to suppress the items seized from the defendants' garage pursuant to a search warrant was properly denied. Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.