Chief Judge Desmond.
This is one of the cases in which we are under compulsion to work out—without benefit of controlling decision, statute or rule — an appropriate procedure for providing the separate hearing mandated by Jackson v. Denno (378 U. S. 368 [1964]) as to voluntariness of a confession received in evidence against a defendant at his trial. For the present and tentatively we set out some of the rules to be applied in these matters, pending further development by the courts or by the Legislature, or both.
*75 In 1960 appellant Huntley was, after trial in the former Court of General Sessions, convicted of robbery, first degree, and given a prison sentence which he is now serving. At the trial there had been put before the jury a complete confession by defendant, the voluntary character of which was explored at a voir dire examination and submitted to the jury as a question of fact. Huntley’s appeal to the Appellate Division, First Department, resulted in an affirmance (15 A D 2d 735 [Feb., 1962]). Defendant then made, to an Associate Judge of this court, a timely application (Code Crim. Pro., § 520) for leave to appeal to us. The application was denied on April 18,1962. After the Supreme Court’s Jackson v. Denno decision (supra) came down in June, 1964, defendant’s application for reconsideration of his section 520 application was granted by our Associate Judge who, on October 2, 1964, signed a certificate allowing defendant to appeal to this court. A notice of appeal was filed and served a few days later.
We must first decide whether the section 520 Code of Criminal Procedure certificate thus granted to defendant after previous denial and reconsideration thereof is effective to bring the Jackson v. Denno (supra) question to us. Despite People v. Muller (11 N Y 2d 154, cert. den. 371 U. S. 850) we hold that it is. Muller, too, had been denied leave to appeal to this court and that denial had, several years later, been .set aside by an Associate Judge of this court and an appeal allowed, so as to test the question of whether the Supreme Court’s 1961 holding in Mapp v. Ohio (367 U. S. 643) could thus be taken advantage of, long after the usual time for appeal to us had expired. We held in Muller’s ease that the appeal, allowed by a Judge after an earlier denial, was out of ‘ ‘ the normal appellate process ’ ’ and so could not get the benefit of the Mapp rule. However, our determination in Muller does not fit the present situation. The Supreme Court’s ruling in Jackson v. Denno necessarily meant or assumed that its new requirement of a separate hearing as to voluntariness of confessions applied as well to criminal judgments which were no longer in the ‘ normal appellate process ’ ’. The relief granted by the Supreme Court to Jackson was in a Federal habeas corpus proceeding, brought long after State appellate procedures had been used and exhausted. It follows that (overruling so much of People v. Hovnanian, 22 A D 2d 686 [Oct., *76 1964], as holds otherwise) we must take this appeal, order a confession-voluntariness hearing before the trial court and meanwhile hold the appeal here undecided while we await the results of that hearing (see People v. Coffey, 11 N Y 2d 142).
The briefs of both appellant and respondent ask for a remission to the trial court but defendant alternatively requests that this appeal be dismissed with leave to defendant to file a coram nobis type motion in the trial court (now Supreme Court, New York County). The People, while not making any proposal other than remission-for-hearing, suggest that " There may be a remedy by state habeas corpus, if that writ is deemed to have been substantially expanded by its re-enactment in the CPLR ”. Let us examine those two possibilities.
The function of “ state habeas corpus ” was in the past limited under section 1231 of the Civil Practice Act, as it was at common law, to testing the jurisdiction of the court over the person and the crime (People ex rel. Carr v. Martin, 286 N. Y. 27; Matter of Morhous v. Supreme Ct., 293 N. Y. 131). Old section 1231 of the Civil Practice Act said that a person may not have habeas corpus relief "Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of * * * criminal jurisdiction ”. But the new CPLR has substituted language quite different. CPLR 7002 (a) authorizes a habeas corpus petition by “A person illegally imprisoned or otherwise restrained within the state ”. Nothing in the revisers ’ reports or other legislative materials gives any explanation for the change and we are left without any indication -of its purpose. However, since, as we shall show, habeas corpus seems for other reasons to be unfitted as a means for obtaining the relief required by Jackson v. Denno (supra), we need not at this time attempt definitively to construe the above-quoted new language in CPLR 7002. Difficulty with the use of habeas corpus comes from the requirement (continued from Civ. Prac. Act, § 1239, subd. 3, into CPLR 7004, subd. [c]) that the writ must in most instances be returnable in the county in which the relator is detained. This means that, except where the trial was held in the county where relator is detained, the habeas corpus writ must be returnable in a county other than the county of trial. The habeas corpus Judge, himself unfamiliar with the case and its former proceedings, would have to hold the
*77 Jackson v. Denno hearing at a place not only inconvenient but having no reasonable connection with the criminal trial. We conclude that, unless the habeas corpus sections (art. 70) of CPLR are changed in several respects, the writ is not usable as a process for Jackson v. Denno relief.
Defendant’s alternative proposal is that, if we dismiss this appeal, he be permitted to make a coram nobis type motion to the trial court. Since we are entertaining and not dismissing this appeal, such an alternative course is unnecessary in the present case. However, for the future we deem it preferable and hereby direct that in all cases heretofore tried and concluded and in which confessions were introduced and their voluntariness contested, and the normal appellate processes have been exhausted or are no longer available, defendants seek JacksonDenno relief by coram nobis motion. While this is a departure from the traditional role played by coram nobis, we deem its use in these cases appropriate since its employment will avoid burdening this court and the Appellate Division, as well as other appellate courts, with rearguments which do no more than withhold determination of such appeals pending remission to the trial court for the required hearing on the issue of voluntariness.
Some but not all of the other questions which have been or will be raised because of Jackson v. Denno (supra) are answered by us as follows:
(1) As to trials already concluded:
(a) No Jackson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated.
(b) As to the type of hearing to be had, there is no constitutional impediment to using the prior record provided that the defendant and the People are permitted to put in additional proof if either side so desires. Where possible, the new hearing will be held before the Judge who previously presided at the voir dire, if any, or the trial proper. The defendant should be provided counsel if he so desires. The court, after holding the Jackson-Denno hearing, .shall put into the record a decision containing specific findings of fact and conclusions of law. In *78 these cases already concluded there is no need, since the jury has already passed on the matter, again to submit to the jury the question of voluntariness.
(2) As to criminal trials to he held in the future
(.a) We adopt for New York State the so-called Massachusetts procedure described in the Jackson v. Denno opinion at pages 378-379 of 378 United States Reports “under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused ” and has made express findings upon the disputed fact question of voluntariness. We favor the Massachusetts rule for several reasons, the first being that our State Constitution (art. I, § 2) mandates a jury trial of the issue of voluntariness. Another consideration supporting this choice is that the Massachusetts rule not only meets the demand of Jackson-Denno that “ a proper determination of voluntariness he made prior to the admission of the confession to the jury which is adjudicating guilt or innocence” (378 U. S., p. 395) but also provides a defendant with an opportunity before the jury itself to challenge the confession.
(b) The Judge must find voluntariness beyond a reasonable doubt before the confession can be submitted to the trial jury. The burden of proof as to voluntariness is on the People. The prosecutor must, within a reasonable time before trial, notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial. If such notice be given by the People the defense, if it intends to attack the confession or admission as involuntary, must, in turn, notify the prosecutor of a desire by the defense of a preliminary hearing on such issue (cf. Code Crim. Pro., § 813-c).
Undoubtedly other questions will come to us as a result of the Jackson-Denno holdings but we think it wiser to leave those others for future determination.
The determination of this appeal should be withheld and the case remitted to the Supreme Court, New York County, for further proceedings not inconsistent with this opinion.