**UNITED STATES of America ex rel. Willie FERNANDERS, Petitioner-Appellant,**

v.

**Hon. Walter M. WALLACK, as Warden of Wallkill State Prison, Wallkill, New York, Respondent-Appellee.**

**No. 280, Docket 30009.**

United States Court of Appeals Second Circuit.

Argued March 21, 1966.

Decided April 5, 1966.

Donald I. Strauber, New York City (Anthony F. Marra, Legal Aid Society, New York City, Christopher D. Stone,

---

Los Angeles, Cal., on the brief), for petitioner-appellant.

Michael H. Rauch, New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before WATERMAN, MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant Willie Fernanders was convicted of robbery and related offenses in a state court. He appeals from denial of his petition for a writ of habeas corpus,[1] which was based upon an incident that occurred at his trial in 1962. In the prosecutor's opening statement to the jury of proof he intended to offer, he referred to a question and answer statement taken from appellant and two of the admissions contained therein. During the course of the state court trial, after hearing testimony elicited by the defense, the trial judge stated that coercion had been demonstrated and that he intended to exclude the statement. At this point, the prosecution had not offered the statement into evidence. A short while later, the trial judge interrupted the direct examination of appellant to state (apparently within hearing of the jury) that there was no evidence of any admissions or confession before the court or jury and that the prosecutor's opening "is merely an opening," which was "out of the case." Nothing further was said in reference to the confession. At no time was there objection, motion for mistrial, or request to charge in connection with the prosecutor's opening remarks.

Appellant claimed below that reference to the statement in the opening denied him due process since the statement was later deemed coerced and held inadmissible. Judge Weinfeld read the transcript of the 1962 trial, analyzed the evidence in detail, and concluded "that

against the factual background of the entire case the single incident relied upon did not violate the petitioner's right to a fair trial." The main thrust of appellant's argument is that since a conviction based in whole or in part on a coerced confession is invalid, Jackson v. Denno, 378 U.S. 368, 376, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), even mere reference by the prosecutor to a coerced confession vitiates the trial, citing by analogy Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). New York has since improved its practice so that now the issue of coercion must be decided in advance of the prosecution's opening if the defendant so chooses. People v. Huntley, 15 N.Y.2d 72, 78, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965); N.Y.Code Crim.Proc. §§ 813-f to 813-h.

In *Jackson*, the jury heard the entire confession and was instructed to consider its voluntariness. Here, the jury heard only a prediction by the prosecutor as to what he would prove and was later instructed that any alleged confession was out of the case. In *Griffin*, prosecutorial comment with trial court approval on defendant's failure to take the stand led to reversal of the conviction. Here, the state trial judge did exactly the opposite of his counterpart in *Griffin*. Moreover, appellant's counsel in the state trial court here presumably knew before the opening that he would object to the confession and obviously knew, after the judge had ruled, that the confession was excluded, yet failed to make any objection at any time to the opening remarks or to ask for further curative instructions. This conviction should stand unless the very mention of an inadmissible confession irrevocably taints a trial—regardless of lack of bad faith, the substance of the reference, the context in which it occurs, the absence of objection by defendant, and the corrective action of the trial judge. We do not believe this to be the law. Under all the circumstances of this

1. United States ex rel. Fernanders v. Fay, 241 F.Supp. 51 (S.D.N.Y.1965).

case, we cannot say that the conclusion of the court below after a careful scrutiny of the entire trial transcript was incorrect. Accordingly, the judgment is affirmed.