 ———◆———

H. Elliot Wales, New York City, for relator-appellant.

Joel Lewittes, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before WATERMAN and FRIENDLY, Circuit Judges, and ZAMPANO, District Judge.*

PER CURIAM:

Lawrence Denmark was convicted in 1957 in the New York Court of General Sessions of felony murder in the first degree and was sentenced to life imprisonment. He unsuccessfully claimed in the state courts, both on appeal, and in *coram nobis*, 19 A.D.2d 591, 240 N.Y.S. 2d 930 (1st Dept. 1963); 6 A.D.2d 687, 174 N.Y.S.2d 945 (1st Dept. 1958), 8 N. Y.2d 949, 204 N.Y.S.2d 180, 168 N.E.2d 848 (1960), that confessions received in evidence at his trial were involuntary because he was suffering from alcoholism and epilepsy and was coerced by police threats and brutality. After reading the state trial record, the late Judge Brennan denied a petition for federal habeas corpus. In light of the decision in Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964), we vacated this without prejudice to a new petition after proceedings in the New York courts pursuant to People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

A hearing with respect to the confession was held in 1965 before the same

**UNITED STATES of America ex rel. Lawrence DENMARK, Relator-Appellant,**

v.

**Honorable J. Edwin LaVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 684, Docket 33369.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1970.

Decided April 17, 1970.

---

2. 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

* Of the District of Connecticut, sitting by designation.

State judge who had presided at the 1957 trial. The State offered the trial record and rested. Denmark testified but made no request for the production of other witnesses. The judge, in a detailed seven-page opinion, found against petitioner's factual claims. Judge Foley concluded that the state procedure met the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and 28 U.S.C. § 2254(d) and that the state judge's findings were reliable and reasoned, and therefore dismissed the petition without an evidentiary hearing.

The sole claim raised on appeal is that if, in a post-trial hearing on voluntariness held under the compulsion of Jackson v. Denno, the State relies on the trial record without calling available live witnesses then the State procedure is inadequate to afford a full and fair hearing and the federal habeas court may not rely on the state findings. We see no basis for such a conclusion, at least in the absence of proof that cross examination of the State's witnesses was impeded or restricted at the trial. Townsend v. Sain, to which the Court referred in *Jackson*, 378 U.S. at 392, 84 S.Ct. at 1789, itself says that if a federal hearing is held, 372 U.S. at 322, 83 S. Ct. at 762,

> "the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record, but the petitioner, and the State, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues."

Thus if a federal hearing had been held, it might well have been simply a rerun of the State hearing. Such duplication of effort is not required.

With so much established, we find no error in Judge Foley's accepting the state judge's findings here. To be sure, in resting on the trial record the State takes its chance that the live testimony of the defendant may impress the judge more than the cold transcript, although the chance is diminished when, as here,

the *Huntley* hearing was before the trial judge and the police officers could scarcely have done more than affirm their belief in the truth of what they had said eight years ago. But if the State chooses to meet its burden that way and does, the defendant has no constitutional complaint.

Affirmed.