456

**UNITED STATES of America ex rel. William Henry GLOVER, Relator-Appellant,**

v.

**The Hon. J. Edwin LaVALLEE, Warden of Clinton State Prison, Dannemora, New York, Respondent-Appellee.**

**No. 831, Docket 34228.**

United States Court of Appeals, Second Circuit.

Argued April 22, 1971.

Decided May 12, 1971.

Richard J. Egger, Jr., New York City, for relator-appellant.

Michael Colodner, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

William Henry Glover was convicted in New York's Nassau County Court in 1961 for rape and assault committed on a friend of his wife's on August 5, 1960. At the time of his arrest in a local bar on the day of the rape, there was a struggle between Glover and three arresting officers. After the victim, whose face bore marks of cuts and scratches, had identified him at the stationhouse later that afternoon, a second struggle occurred. As a result of that episode, Glover became unconscious and was taken to Meadowbrook Hospital.

On August 6 Glover was questioned in his hospital room by one of the detectives who had been involved in both of the events of the preceding day. He admitted having had intercourse with the victim a number of times in the past and having been with her in a car on August 5, but claimed that rather than his molesting her, it was she who drove him from the car with scratching and hitting upon learning that he planned to go to Virginia. After having been arraigned at the hospital on August 8, Glover made an oral confession to the two detectives in the presence of his wife and his minister. After one of the detectives had written this out in longhand, Glover, while admitting the truth of the statement, declined to sign anything but the first page, which concerned facts unrelated to the crime. On August 23, in a detention cell in the courthouse, the detectives presented Glover with a typed version of the confession and went over it with him; according to the detectives, he admitted it was true and signed it. The statements of August 6 and the two confessions were received in evidence at the trial.

After Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), Glover applied for a writ of *coram nobis* in the New York courts, and a hearing with respect to the voluntariness of his confession was held pursuant to People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). A judge of the Nassau County Court held the confession to have been voluntary, the Appellate Division for the Second Department affirmed without opinion, and

leave to appeal to the Court of Appeals was denied. Glover then sought to relitigate the issue by a petition for habeas corpus in the District Court for the Eastern District of New York. Concluding that the state hearing had "fully explored all the facts and circumstances surrounding the confessions" and agreeing with the finding that they had been voluntarily made, Chief Judge Mishler denied the petition without an evidentiary hearing. This court granted a certifcate of probable cause.

The circumstances setting this case apart from the common run are that violence unquestionably occurred on August 5 and that the exculpatory statement of August 6 and the oral confession of August 8 were given before Glover had fully recovered. Glover claimed the violence was uncalled for; the detectives said it was required by his resistance to arrest and an attempt to escape from the stationhouse. Counsel contends this factual dispute was never determined and that its resolution in Glover's favor might affect decision on the voluntariness of the confessions. While the opinion of the County Court judge is indeed lacking in desirable specificity, Judge Mishler was warranted in considering it to have satisfied the requirements of 28 U.S.C. § 2254(d) (1). See United States ex rel. Liss v. Mancusi, 427 F.2d 225 (2 Cir. 1970). The evidence clearly permitted a conclusion that Glover's will was not overborne, see Davis v. North Carolina, 384 U.S. 737, 742, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), and that he knew what he was doing both on August 6, when he admitted having previously had intercourse with the victim on several occasions and having been with her on the day of the alleged rape, and on August 8, when, in the presence of his wife and minister, he confessed to the rape. Similarly, the evidence warranted a finding that Glover acted voluntarily when he signed the typed confession at the courthouse on August 23, more than two weeks after his struggles with the police and at a time when at least four witnesses had already heard his oral confession. Our ruling as to the sufficiency of the evidence to support the state court finding of voluntariness would apply even if the police violence were in fact unjustified, for the record still sustains the conclusion that the confessions were not given out of an apprehension of future violence.

Some point is made that although the trial minutes were received as an exhibit in the *Huntley* hearing, these were not read by the district judge in ruling on the habeas petition. Counsel points to nothing in them that would strengthen Glover's case; indeed they would have done the opposite. While we perceive no reason why we could not ourselves repair the district judge's omission, we have disregarded the references to the trial minutes in the State's brief and place our affirmance on the basis that the minutes of the *coram nobis* hearing alone were sufficient to support the district court's determination.

The court appreciates the earnest and able argument made by Richard J. Egger, Jr., assigned counsel, on Glover's behalf.

Affirmed.