■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT D. EDNEY, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 3, 1974, convicting him of manslaughter in the first degree, kidnapping in the first degree and kidnapping in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The proof overwhelmingly established that defendant caused the death of his paramour's eight-year-old daughter by repeatedly stabbing her with a knife. Prior to the trial, a *Huntley* hearing was held on the issue of the voluntariness of certain statements made by defendant, subsequent to his arrest, to various members of the police department. At the hearing, defense counsel took the position that defendant's mental state at the time he gave these statements was such that he could not have made a knowing and intelligent waiver of his constitutional rights. At the trial, each of the police officers who had contact with defendant on the date in question testified that he appeared normal, was coherent and did not seem to be

under the influence of any drug or alcoholic intoxicant. Each of the psychiatrists called on behalf of defendant was unable to testify with any medical certainty as to his mental state on the day he gave the statements. At the conclusion of the hearing, the trial court denied the suppression motion, but neglected to make the required specific findings *(People v Huntley,* 15 NY2d 72, 78). We, however, may make such findings as the trial court should have made and as are warranted by the evidence. The burden of proof as to the voluntariness of the statements in question was on the People *(People v Huntley, supra).* We find that the People successfully met this burden and that the statements were made after defendant had been advised of his rights and had made a knowing and intelligent waiver thereof. We have considered the other points raised by defendant and find them to be without merit. Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur.