**Alex REIFF, Petitioner,**

v.

**DEPARTMENT OF PROBATION,**
**Respondent.**

No. 78 C 2766.

United States District Court,
E. D. New York.

July 16, 1979.

Alex Reiff, petitioner pro se.

Robert Abrams, Atty. Gen. of N. Y., New York City, for respondent by Charlotte C. Lee, Deputy Asst. Atty. Gen., New York City.

NEAHER, District Judge.

Petitioner is currently serving a State sentence of probation entered upon a judgment of conviction for arson in the third degree, following his guilty plea on August 31, 1978. In applying for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner claims he was arrested in his home without a warrant and in the absence of exigent circumstances to justify such an arrest. As a result, he contends, his subsequent confession was coerced. He also attacks the constitutionality of New York Criminal Procedure Law § 140.15 ("CPL"), which apparently permits a warrantless arrest in private premises without a showing of exigent circumstances.[1]

In September 1974, a homemade bomb was thrown through the window of an apartment occupied by a member of the New York City Police Department. Subsequent investigation by the police revealed that petitioner, who was a suspect, had fled to Florida. Eighteen months later, the police learned from an informant that petitioner had returned to New York and was residing in a certain apartment. Approximately twelve policemen thereupon went to the apartment, knocked on the door stating they were there to check the heat, and entered and arrested petitioner after he opened the door. A subsequent search resulted in seizure of a gun. Petitioner was advised of his *Miranda* rights and was then taken to police headquarters where, after again being informed of his rights, he confessed to owning the gun and to being responsible for the 1974 bombing.

At a pretrial hearing to suppress the gun and the confession in accordance with *People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), and CPL § 710.-20, the court granted petitioner's motion on the ground that the evidence was obtained through an unlawful arrest. The Appellate Division, Second Department, over a single dissent, reversed on the facts and the law. It held that probable cause existed to support the arrest and that under CPL § 120.-80, subd. 4, pars. [a], [b], the police officers were absolved

> "from the requirement of giving notice of their authority and purpose when there is reasonable cause to believe there will be an attempt to escape or that the life or safety of the officers will be endangered. We find these factors present here. Defendant once fled after admitting his complicity and there was imminent danger in apprehending him since he had thrown bombs and used weapons." *People v. Reiff*, 64 A.D. 719, 407 N.Y.S.2d 534 (2d Dept.1978).

After withdrawing a motion for a certificate or order granting leave to appeal to the Court of Appeals and upon denial of his

---

1. See *People v. Payton*, 45 N.Y.2d 300, 408 N.Y.S.2d 395, 380 N.E.2d 224 (1978), *prob juris noted*, 439 U.S. 1044, 99 S.Ct. 718, 58 L.Ed.2d 703 (1979).

motion for reargument and to amend the decretal paragraph of the Appellate Division order by omitting the words "and the facts," petitioner pleaded guilty to the charge of arson in the third degree and subsequently was convicted and sentenced to five years probation.

■ Respondent first contends that petitioner has failed to exhaust his State remedies as required under 28 U.S.C. § 2254(b) and (c). It suggests that he was not precluded by law from appealing the Appellate Division's reversal of the suppression order to the Court of Appeals and cites *Mahoney v. May*, 40 N.Y.2d 906, 389 N.Y.S.2d 355, 357 N.E.2d 1010 (1976), for this proposition. While this argument is hardly free from doubt, it is largely academic since pursuit of State remedies at this time would clearly be futile.[2] See *Stubbs v. Smith*, 533 F.2d 64, 68–69 (2 Cir. 1976).

In *People v. Payton*, 408 N.Y.S.2d 395 (1978), *prob juris noted*, 439 U.S. 1044, 99 S.Ct. 718, 58 L.Ed.2d 703 (1970), the New York Court of Appeals held

"that an entry made for the purpose of effecting a felony arrest within the home of the person to be arrested by a police officer who has entered without permission of the owner, if based on probable cause, is not necessarily violative of the constitutional right to be secure against unreasonable searches and seizures even though the arresting officer has not obtained a warrant and there are no exigent circumstances." 408 N.Y.S.2d at 396.

The court arrived at this conclusion in full recognition that the result was contrary to that reached by the Court of Appeals for the Second Circuit in *United States v. Reed*, 572 F.2d 412 (2 Cir. 1978), *cert. denied*, 439

U.S. 913, 99 S.Ct. 283, 58 L.Ed.2d 259 (1979). See also *United States v. Campbell*, 581 F.2d 22 (2 Cir. 1978). Thus, it appears that petitioner's precise attack has been presented to and rejected by the highest State court and further resort to the State courts would be futile absent an explicit determination that the result in *Payton, supra*, is incorrect.

■ Nor does petitioner's guilty plea preclude a constitutional attack on his conviction in this collateral proceeding. Although a guilty plea, intelligently and voluntarily made, bars later challenges to pretrial proceedings, *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), where the law of the State involved "permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues" in higher State courts, "the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." *Lefkowitz v. Newsome*, 420 U.S. 283, 294, 95 S.Ct. 886, 891–92, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). See *New Jersey v. Portash*, 440 U.S. 450, 455, 99 S.Ct. 1292, 1295 n.4, 59 L.Ed.2d 501 (1979). Since CPL §§ 710.20(1), 710.70(2) permit appeal from an adverse decision to suppress physical evidence and §§ 710.20(3), 710.70(2) allow a similar appeal from a denial of a motion to suppress a confession, petitioner has not waived his constitutional objections so as to bar review in this court.

Petitioner's claims, however, flounder on another limitation on this court's review of claims of error in State proceedings. In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that "where the State has provided an

---

2. While a federal habeas court may deny relief to a petitioner who has "deliberately sought to subvert or evade the orderly adjudication of his federal defenses in the state courts," *Fay v. Noia*, 372 U.S. 391, 433, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); see *Lefkowitz v. Newsome*, 420 U.S. 283, 292 n.9, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), it does not appear that respondent presses the point since it does not raise petitioner's failure to appeal the denial of the motion to suppress after the judgment of convic-

tion was entered on his plea of guilty, see CPL § 710.70(2). The record is, moreover, insufficient to support a finding of deliberate bypass. Thus, in view of the court's disposition of the petition, comity will not be offended, judicial economy will be served, and the interests of New York will be respected if the claim is considered by the court on the merits. *Cf. County Court of Ulster County v. Allen*, —— U.S. ——, ——, 99 S.Ct. 2213, 2223 & n.13, 60 L.Ed.2d 777 (1979).

opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052.

The major issue in the instant case is whether the warrantless arrest of petitioner in his home, and the subsequent use by the State of "fruits" of the arrest—the gun and ensuing confession—violated the Fourth Amendment. Although the claim is cast in terms of a Fifth Amendment privilege against self-incrimination, it is in fact premised on the Fourth. In these circumstances, the rationale of *Stone* is fully applicable. See *LiPuma v. Com'r, Dept. of Corrections, St. of N. Y.*, 560 F.2d 84, 93, n.6 (2 Cir.), *cert. denied*, 434 U.S. 861, 98 S.Ct. 189, 54 L.Ed.2d 135 (1977); *United States ex rel. Carbone v. Manson*, 447 F.Supp. 611 (D.Conn.1978).

■ Petitioner's Fourth Amendment claims were fully considered by both State and appellate courts, resulting in a finding by the Appellate Division that probable cause and sufficient circumstances existed to justify the warrantless arrest. It appears that petitioner not only had an *opportunity* for a full and fair litigation of the claim in the State courts, but also had a fair litigation of the claim: the Appellate Division merely viewed the record differently than the trial court and reversed the original suppression order. See *Gates v. Henderson*, 568 F.2d 830, 837 (2 Cir. 1977) (*en banc*). Thus, under *Stone, supra,* petitioner's Fourth Amendment claim is not a ground upon which a writ of habeas corpus can be granted.

■■ While the *Stone* rule is far-reaching in effect, it should also be noted that

under 28 U.S.C. § 2254(d), there is a presumption of correctness that attaches to a State court's factual determinations made after a hearing. Although petitioner obviously disagrees with the State court's conclusion that sufficient exigent circumstances existed to justify the warrantless arrest in the home, he has failed to sustain his burden of establishing by convincing evidence that the findings of the State court were erroneous. See *Tanner v. Vincent*, 541 F.2d 932, 937 (1976), *cert. denied*, 429 U.S. 1065, 97 S.Ct. 794, 50 L.Ed.2d 782 (1977); *Alexander v. Smith*, 582 F.2d 212, 219 (1978).[3]

The recent Supreme Court decision in *Dunaway v. State of New York*, —— U.S. ——, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), supports this disposition. There the Appellate Division had held that "[l]aw enforcement officials may detain an individual upon reasonable suspicion for questioning for a reasonable and brief period of time under carefully controlled conditions which are ample to protect the individual's Fifth and Sixth Amendment rights." *People v. Dunaway*, 61 A.D.2d 299, 402 N.Y.S.2d 490, 494 (1978). It had also held that, even if the detention were illegal, the taint of the illegal detention was sufficiently attenuated to permit admission of defendant's statements.

The Supreme Court reversed. Significantly, it found that the detention violated the Fourth and Fourteenth Amendments and went on to decide that, although *Miranda* warnings made petitioner's statements voluntary for Fifth Amendment purposes, such a determination was only a threshold requirement for Fourth Amendment analysis. The Court then applied the familiar test of *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); see

---

**3.** In *United States v. Reed*, 572 F.2d 412, 424 (2 Cir. 1978), *cert. denied*, 439 U.S. 913, 99 S.Ct. 283, 58 L.Ed.2d 259 (1979), the court determined that a warrantless arrest in the home of a suspect supported by probable cause is barred by the Fourth Amendment in the absence of "exigent circumstances." See also *United States v. Campbell*, 581 F.2d 22 (2 Cir. 1978). Here, petitioner has fully litigated the exigency of the circumstances at the time of his arrest and has lost. Thus, even if *Stone, supra,* did not bar review of the Fourth Amendment claim, it appears petitioner would not be entitled to relief under the test set in the Second Circuit in the absence of convincing evidence that the findings of the State court were erroneous.

also *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), to determine whether the statements were obtained by exploitation of the illegality of the arrest. Answering in the affirmative, the Court found a Fourth Amendment violation.

Here, however, petitioner's Fourth Amendment claim has been thoroughly scrutinized and, under the principles set forth above, cannot be relitigated. Hence, the predicate for further inquiry under *Dunaway*—an underlying Fourth Amendment violation—does not exist. Accordingly, petitioner's application for a writ of habeas corpus must be dismissed.[4]

SO ORDERED.

The Clerk of the Court is directed to enter judgment dismissing the petition. The Clerk is further directed to forward copies of this memorandum and order to petitioner *pro se* and to counsel for the respondent.

---

4. The court notes that the Court of Appeals' decision in *People v. Payton, supra*, is apparently set for reargument before the Supreme Court. Should a decision in that case provide a basis for an attack on petitioner's conviction, petitioner could, of course, pursue collateral State remedies to correct error, if any, see, *e. g.*, CPL § 440.10, although we do not presume to pass upon the availability of such remedies as a matter of State law. See *id.* § 440.10(2)(c).