OPINION OF THE COURT
Judith Sheindlin, J.
The petitions filed in the Family Court, in the above-captioned matters, charge each juvenile with reckless endangerment, attempted assault in the second degree and assault in the third degree.
Pursuant to Family Court Act § 330.2 (2), the Assistant District Attorney served notice on each of the respondents of his intention to introduce statements made by each of them at *181 the fact-finding hearing. Motions for Huntley hearings were made and granted.
The issue presently before this court is as follows: If respondents’ motions to suppress are denied, what logical or statutory basis exists to require that the testimony adduced at the Huntley hearing be repeated at the fact-finding hearing?
The issue presented at this juncture is analogous to the "second opinion” theory in the medical arena. It is reasonable for a patient to seek the independent advice of two experts before embarking on a course of treatment. Two experts may evaluate the same data and may arrive at different conclusions. But it is illogical for a patient to seek a "second opinion” immediately thereafter from the same expert who rendered the first opinion.
Similarly, in the Family Court where the same judge presides at the Huntley hearing and the fact-finding hearing, it is illogical to relitigate the same issues determined at the preliminary hearing by requiring that the testimony at the Huntley hearing be repeated at the fact-finding hearing.
Placing the logic argument momentarily aside, is there statutory basis, when a motion to suppress is denied, for such seemingly duplicative testimony? This too must be answered in the negative.
CPL 710.70 and People v Huntley (15 NY2d 72), relied upon by the respondents, require that the testimony given at a pretrial suppression hearing held before a judge be repeated at the trial so that the jury or other trier of fact may independently evaluate such testimony. This provision is set forth in CPL 710.70 (3):
"Nothing contained in this article, however, precludes a defendant from attempting to establish at a trial that evidence introduced by the people of a pre-trial statement made by him should be disregarded by the jury or other trier of the facts on the ground that such statement was involuntarily made within the meaning of section 60.45. Even though the issue of the admissibility of such evidence was not submitted to the court, or was determined adversely to the defendant upon motion, the defendant may adduce trial evidence and otherwise contend that the statement was involuntarily made. In the case of a jury trial, the court must submit such issue to the jury under instructions to disregard such evidence upon a finding that the statement was involuntarily made.
"CL. 1970, c. 996, § 1.)”
*182 Judge Joseph W. Bellacosa notes the reason for this clause in the Practice Commentary (McKinney’s Cons Laws of NY, Book 11 A, CPL 710.70, pp 180-181):
"The second key feature is that the failure to make a suppression motion with respect to voluntariness of a statement will not preclude a second bite at that apple at trial. People v. Huntley, 15 N.Y.2d 72, 78, 255 N.Y.S.2d 838, 204 N.E.2d 179, (1965) requires that, despite a judicial determination of the question of the admissibility of a defendant’s statement claimed to have been involuntarily made, the defendant, in the event of an adverse decision, is also entitled, pursuant to the New York State Constitution (Art. 1, § 2), to a jury trial on the issue of voluntariness.
"In this connection the practice and supplemental commentaries to CPL 60.45 are noteworthy as they describe the effect of People v. Graham, 55 N.Y.2d 144, 447 N.Y.S.2d 918, 432 N.E.2d 790 (1982). Essentially it holds that this section, with CPL 60.45, gives defendants two bites at either kind of involuntariness apple in that both the traditional involuntariness claim of extracted statements and the modern technical Miranda variety are vulnerable to pre-trial suppression attack as well as trial jury resolution” (emphasis added).
Family Court Act § 303.1 (1) states that the provisions of the Criminal Procedure Law do not apply to the Family Court unless specifically prescribed by the Family Court Act. Family Court Act §330.2 specifically addresses procedures for the suppression of evidence. Although this section tracks CPL 710.70, it specifically omits the paragraph quoted herein providing the adult defendant with "two bites at the apple”. Inasmuch as the Legislature adopted in Family Court Act § 330.2 the language of CPL 710.70, almost verbatim, except for this paragraph, it is clear that the Legislature intentionally omitted such clause. A court cannot read or supply in a statute a provision which it is reasonable to suppose the Legislature intentionally omitted. (McKinney’s Cons Laws of NY, Book 1, Statutes § 363, p 525; American Sur. Co. v Town of Islip, 268 App Div 92.)
The reason for this departure from the Criminal Procedure Law by the Legislature is clear. The purpose of People v Huntley (supra) and CPL 710.70 is, as noted by Judge Bellacosa in the commentary, to ensure that the trier of fact (i.e., the jury) hears the testimony regarding the making of the statement. It is apparent that the Legislature, when enacting *183 article 3, recognized that due to the structure of the Family Court, to require that such testimony be given twice in a Family Court proceeding would merely be duplicative. The respondent’s right to a fair trial in the Family Court is not compromised, the trier of fact has heard the testimony regarding the circumstances surrounding the making of the statement. Furthermore, in that a separate Huntley hearing is conducted the rights of both parties to appellate review is preserved.
The legislative purpose in codifying the procedure in article 3 was to define each phase of a delinquency proceeding and to encourage speedy and efficient adjudications without compromising the rights of the accused. (Memorandum in support, L 1982, ch 920, Senate Bill 1232-A.)
This distinction in treatment between juveniles and adults has been and continues to be recognized by the courts. (Schall v Martin, 467 US 253; Matter of Terrence G., 109 AD2d 440.)
The constitutional statutory and procedural safeguards in criminal proceedings have been promulgated to ensure that an accused will receive a fair trial. These rights must be scrupulously guarded by judges. However, this court finds no constitutional statutory or appellate authority which requires two trials on the same issue before the same judge.