THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GILBERT MORELLO, Defendant.

County Court, Westchester County, December 16, 1988

### APPEARANCES OF COUNSEL

*Carl A. Vergari, District Attorney (Brian J. Conway* of counsel), for plaintiff. *Maher & Brofman* for defendant.

### OPINION OF THE COURT

FRANCIS A. NICOLAI, J.

The People have moved for an order, pursuant to CPL

250.10, to have the defendant examined by a psychiatrist. They also seek an order pursuant to CPL 240.40 (2) (a) for full disclosure of medical, psychiatric and psychological records. In support they have submitted the affirmation of Brian J. Conway, Esq. and a memorandum of law. In opposition the defendant has submitted the affirmation of Charles S. Brofman, Esq. as well a memorandum of law.

The court has read the submitted papers and has had due deliberation thereon and reaches the following decision.

The defendant is to submit to a psychiatric examination pursuant to CPL 250.10. The scope of that examination is limited, however, in that the psychiatrist may not make inquiry concerning the events underlying the indictment. That is, no questions may be asked concerning the events of August 31st to September 1, 1987 as they relate to the death of Geraldine Sniffen. Rather, the inquiry is to be directed to the state of defendant on September 12, 1987 when it is alleged he made certain admissions to the police. The defendant maintains that he is not raising the defense of mental disease or defect and that he does not seek to mitigate the crime by claiming that he was extremely emotionally disturbed at the time of the crime. Rather, he seeks to introduce psychiatric evidence to show his state of mind at the time a statement was made to show that he did not voluntarily make that statement. That is, he is not waiving his privilege against self-incrimination as he would be deemed to have done if he raised an insanity defense. *(Matter of Lee v County Ct.,* 27 NY2d 432, *cert denied* 404 US 823; *People v Cruickshank,* 105 AD2d 325, 329, *affd* 67 NY2d 625.)

The People have the burden of proving the voluntariness of the defendant's statement. *(People v Huntley,* 15 NY2d 72.) Although there are apparently no reported cases directly on point, *People v Segal* (54 NY2d 58) is instructive. In that case, the People were required to prove that the defendant had intentionally testified falsely before the Grand Jury. That is, the burden was on the People to prove the defendant's mental state. The defendant sought to introduce psychiatric testimony to the effect that his memory was impaired, and therefore, he lacked the intent to swear falsely. He refused to submit to psychiatric testing at the People's request and his psychiatric evidence was therefore stricken. There, as here, "[t]he defendant sought, on the one hand, to put the People to their proof with respect to his mental capacity and, on the other hand,

denied them an opportunity to effectively meet the burden."
*(People v Segal, supra,* at 67.)

In this court's inherent power to "insure fairness and to preserve the integrity of the fact-finding process" the People will be allowed, to the extent set forth above, to have the defendant examined. *(People v Segal, supra,* at 65.)

Again, and in the interests of fairness, the defendant is directed to turn over all medical, psychiatric and psychological records prepared by any person whom he intends to call as a witness at the hearing in this matter. Although CPL 240.30 (1) (a), on its face, is restricted to witnesses to be called at trial or documents to be introduced at trial, logic dictates that these documents be required if use is to be made of them at a pretrial hearing, or if the witness who prepared them is to be called at such a hearing. That is especially true in a situation where the pretrial hearing is a *Huntley* hearing. It must be remembered that, if the court finds that the statements were voluntarily made, then the defendant may relitigate this issue at trial. It would be inherently unfair to allow the fact finder to hear psychiatric evidence which the People would be unable to rebut solely because they were unable to examine the defendant. *(See, People v Segal, supra.)*

Should the People determine that they wish to have the defendant examined by a psychiatrist, such examination must be held immediately. As both parties are aware, this matter is ready for trial and will be called in for hearings on January 3, 1989.