OPINION OF THE COURT
Stanley B. Katz, J.
The defendant, charged with assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, moves pretrial to suppress evidence of a certain statement made.
A Huntley hearing was held before this court on March 26, 2002 at which testimony was taken from Melody Hussen, a Court Reporter assigned to the Queens District Attorney’s Office.
Based upon the credible evidence adduced at the hearing, the court makes the following findings of fact and reaches the following conclusions of law.
*201 Findings of Fact
The only witness called by the People was Melody Hussen who credibly testified that on April 12, 2001 she was employed as a Court Reporter in the office of the Queens District Attorney, at which time she stenographically recorded the grand jury testimony of the defendant. The minutes of that grand jury testimony, including a copy of the Miranda form, and the defendant’s written statement, were then introduced into evidence.
The minutes revealed that the defendant, who had an attorney then present, testified that he was read his Miranda rights before he made his statement on April 1, 2001. He acknowledged that after each question was read to him and he gave an answer, he put his initials on the written form from which the police officer read. He also acknowledged his signature at the end of the form.
The minutes further revealed that the defendant then acknowledged that he had freely and voluntarily waived his rights and made a statement. That statement was then taken down in the handwriting of Detective Conti, at the request of the defendant. The statement was then read back to the defendant, who then signed it.
The court finds that the Miranda rights form fully set forth the defendant’s rights.
Conclusions of Law
At a hearing to suppress evidence of a statement made, the People have the burden of proving the voluntariness of the statement. (People v Huntley, 15 NY2d 72 [1965].) This court finds that the People have met their burden. The motion of the defendant must be denied.
The defendant was properly read his Miranda rights (Miranda v Arizona, 384 US 436 [1966]). He then freely and voluntarily waived those rights, and then freely and voluntarily made his statement, all of which he acknowledged in his grand jury testimony, and all of which he did in the presence of his attorney.
This court finds that the People have satisfied their burden solely through the use of the defendant’s grand jury testimony.
The court is not unmindful that if the defendant wanted to challenge the voluntariness of the statement, he could have *202 called either the police officer involved in taking the statement, or testified himself. He did neither.*

 The defendant makes additional arguments in his memorandum of law submitted subsequent to the conclusion of the hearing, which arguments must briefly be addressed. Firstly, he argues that the statements should be suppressed as the “Fruit of the Poisonous Tree,” because, he alleges, there was no probable cause to arrest in the first place. Since the issue of a Dun-away hearing was expressly addressed by the court that decided the omnibus motion, and the granting of such hearing was denied, the issue is not before this court. Secondly, he argues that this court is bound by the “Law of the Case” alleging that the court deciding the omnibus motion found that the evidence in the grand jury was not sufficient to conclude that the statement was voluntary, and as a result this court is bound by that decision. However, it is apparent that the omnibus motion court did not so decide, that court referring only to “an allegedly involuntary statement” made by the defendant (emphasis supplied). In fact, that court ordered a hearing because the defendant alleged in his papers that the defendant did not receive Miranda warnings, and issues of fact were then raised.