OPINION OF THE COURT
Stanley B. Katz, J.
The defendant, charged with rape in the first degree, burglary in the first degree, robbery in the first degree, sexual abuse in the first degree (three counts) and unlawful imprisonment in the first degree, moves pretrial to suppress physical evidence and evidence of statements made.
A Mapp/Huntley hearing was held before this court on August 5, 2003, at which testimony was taken from New York City Police Detective Brian Kenzik of the Special Victims Unit.
*759 Based upon the credible evidence adduced at the hearing, the court makes the following findings of fact and reaches the following conclusions of law.
Findings of Fact
Detective Brian Kenzik testified that on May 28, 2002 he was assigned to investigate a home invasion/rape that occurred on August 3, 1995. He was assigned the matter after personnel at the New York State DNA databank advised him that blood taken from the defendant while he was incarcerated at the Clinton facility on May 5, 2000 indicated that the defendant was the probable perpetrator of the August 3, 1995 crimes.
On July 3, 2003, Detective Kenzik and his partner, Detective Boyle (who spoke English and Spanish), went to Elmira Correctional Facility in New York, where the defendant was being incarcerated on an unrelated matter. He and Detective Boyle then took the defendant into a private area, where they orally informed him of his Miranda rights in both Spanish and English. The defendant was also given these rights to read from two sheets, one written in Spanish and the other in English, which sheets were introduced into evidence. The defendant then intelligently waived his rights and proceeded to freely and voluntarily make statements and answer questions put forth by the detectives, who were not armed.
On October 29, 2002, Detective Kenzik and Detective Boyle returned to Elmira Correctional Facility, where they again proceeded to privately interview the defendant, after reestablishing in English and Spanish the fact that the defendant understood his Miranda rights, and again intelligently wanted to waive them. He again freely and voluntarily made statements, and answered questions asked by the detectives, who again were not armed.
On December 12, 2002, Detective Kenzik arrested the defendant for having committed the crimes on August 3, 1995.
The testimony of Detective Kenzik is found to be credible and worthy of belief.
Conclusions of Law
This court finds that the blood taken from the defendant on May 5, 2000 was properly taken.
Executive Law, article 49-B, § 995-c (3) states that “Any designated offender subsequent to conviction and sentencing for a felony specified in subdivision seven of section nine *760 hundred ninety-five of this article, shall be required to provide a sample of blood for DNA testing to determine identification characteristics specific to such person and to be included in a state DNA identification index pursuant to this article.”
Pursuant to the amendment to Executive Law § 995 (7), which became effective on December 1, 1999, one of the crimes for which blood is permitted to be taken from an offender is attempted burglary in the first degree.*
In the case before us, the defendant was convicted and sentenced for attempted burglary in the first degree in 1995, and was still serving this sentence at the time the blood was taken in 2000. Accordingly, the court finds that evidence with respect to the blood taken from the defendant need not be suppressed.
With respect to that part of the hearing to suppress evidence of statements made, the People have the burden of proving the voluntariness of the statements made. (People v Huntley, 15 NY2d 72 [1965].) This court finds that the People have met their burden.
This court finds that the defendant was properly advised of his Miranda rights (Miranda v Arizona, 384 US 436 [1966]) prior to having been asked any questions on both July 3, 2002 and October 29, 2002. All statements that were thereafter made by the defendant on each of these dates are found to have been freely and voluntarily made after the defendant intelligently waived these rights.
Accordingly, the motion of the defendant is denied in its entirety.

 The amendment to the statute specifically includes those individuals who were convicted and sentenced for the designated crime prior to the effective date of the amendment, provided they were still serving the sentence on its effective date.