■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. CATTI, Appellant. [798 NYS2d 491]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered June 12, 2002, convicting him of burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabrese, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted, upon his plea of guilty, of burglarizing two residential dwellings. On this appeal, he seeks review pursuant to CPL 710.70 (2) of the order denying suppression of his statements to law enforcement authorities. He claims that his statements to the police should have been suppressed on the ground that the police lacked probable cause to arrest him. This contention is without merit.

The police had probable cause to arrest the defendant based on the fact that his fingerprints were found on an air conditioner in a rear window of one of the dwellings, which the perpetrator pushed into the house to gain access (see People v Snipes, 289 AD2d 116 [2001]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities was properly denied.

In the alternative, the defendant seeks a new hearing on the issue of whether his statements to the police should have been suppressed on the ground that the prosecutor's cross-examination of him at the hearing was improper. On cross-examination, the defendant was asked if his admissions to the police were "accurate." The defendant's guilt or innocence of the crimes charged was irrelevant to the issues before the hearing court (see People v Darrett, 2 AD3d 16, 20 [2003]). However, the cross-examination, if improper, did not affect the hearing court's determination denying suppression. Those questions in no way related to the issues of probable cause or the voluntariness of the defendant's statements to the police for which the Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]) was

conducted. Accordingly, the denial of suppression was proper. H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.