OPINION OF THE COURT
Gerald Lebovits, J.
Respondent moves in this drug holdover to stay, dismiss, obtain disclosure, and preclude evidence. Petitioner must turn over forthwith a legible copy of the search warrant, but not the affidavit underlying the application for the search warrant. If the face of the warrant shows, as respondent alleges, that the police were allowed to enter only apartment “5B” in the subject building and not apartment 5D, the subject apartment, respondent may move for further relief. Otherwise, the motion is denied.
The motion to stay pending the resolution of the pending criminal proceedings is denied as academic. Respondent has now pleaded guilty to violating Penal Law § 220.09 (1), criminal possession of a controlled substance in the fourth degree, a class C felony.
Contending that law enforcement did not apprise her of her rights under Miranda v Arizona (384 US 436 [1966]), respondent moves to preclude statements she made when she was arrested. (Cf. People v Huntley, 15 NY2d 72 [1965].) But Miranda does not apply in a drug holdover context. (Pleasant E. Assoc, v Soto, NYLJ, Oct. 27, 1993, at 26, cols 3, 4 [Hous Part, Civ Ct, NY County] [“Respondent’s Fifth Amendment rights are a matter for the criminal court to address”], affd NYLJ, May 13, 1996, at 28, col 2 [App Term, 1st Dept, per curiam]; contra City of New York v Prophete, 144 Misc 2d 391, 393 [Hous Part, Civ Ct, NY County 1989] [noting in dictum in drug holdover that “petitioner had to lay a foundation that the statements made by respondent were freely given. Respondent was given the Miranda warning before the interview was conducted”].) Moreover, only counsel, not respondent herself, denied that respondent received her Miranda warnings — a denial sufficient in a criminal case to obtain a Huntley hearing but not in a civil case — and counsel did so “on information and belief,” without stating the alleged source of the information.
*225 Respondent moves to dismiss the petition under CPLR 3211 (a) (7) on the ground that the petition fails to state a cause of action. According to respondent, petitioner has not alleged that respondent knew or acquiesced in any alleged illegal trade or business from her apartment. Petitioner argues that what applies is not the knew-or-should-have-known standard in RPAPL 711 (5) but, rather, the strict liability standard in Department of Housing & Urban Development v Rucker (535 US 125 [2002]). Proceeding under RPAPL 711 (5) (the Bawdy House Law), Real Property Law § 231 (1) and RPAPL 715 (1) is required, petitioner contends, by the 1971 consent order entered in Escalera v New York City Hous. Auth. (US Dist Ct, SD NY, Mar. 23, 1971, Docket No. 67 Civ 4307), which prohibits petitioner New York City Housing Authority (NYCHA) from terminating a tenant’s lease on nondesirable behavior grounds unless NYCHA first affords that tenant an administrative hearing conducted according to procedures set out in that order and in later court orders.
Respondent counters that the petition does not set forth the sections of the Code of Federal Regulations and appurtenant lease provisions that might make Rucker apply here. Instead, respondent notes, petitioner cited in its petition only to RPAPL 711 (5) and 715 (1) and Real Property Law § 231. If respondent is correct, the standard petitioner must meet, both to succeed at trial and to defeat a motion to dismiss, is the knew-or-should-have-known standard, not the lesser strict liability standard enunciated in Rucker.
The jurisprudence might be split, at least by inference, on whether petitioner properly pleaded the Rucker standard. (Compare e.g. New York City Hous. Auth. v Taylor, 6 Misc 3d 135[A], 2005 NY Slip Op 50209[U], *2 [App Term, 2d & 11th Jud Dists 2005, mem] [applying Rucker standard to NYCHA petition brought under RPAPL 711 (5)], with e.g. New York City Hous. Auth. v Otero, 5 Misc 3d 134[A], 2004 NY Slip Op 51454[U], *1 [App Term, 1st Dept 2004, per curiam] [applying to NYCHA petition knowing or acquiescing standard of RPAPL 711 (5), without referencing Rucker standard].)
This court need not reach the issue of which standard to apply. To do so here would bind the trial court in advance on how it should instruct the jury at the upcoming jury trial to which petitioner consented, and this court may not do that. Nor is it necessary to do so, for the petition, assuming its contents to be true (see e.g. Sanders v Winship, 57 NY2d 391, 394 [1982]), satisfies the higher knew-or-should-have-known standard.
*226 The petition and its attachments state a cause of action under RPAPL 711 (5). The four corners of the petition, with the petition’s attachments (see Wingate Hall Co. v Betances, NYLJ, Sept. 29, 1993, at 22, col 6 [Hous Part, Civ Ct, NY County]), limit the court’s consideration on a motion to dismiss. In assessing whether the petition is sufficient, the court may not consider the statements respondent made when she was arrested or her plea of guilty in the collateral criminal prosecution. Neither of these two items is in the petition. As one court found, to “defeat [a] motion [to dismiss], the facts plead[ed] must be sufficient to support an inference of illegal narcotic trade being conducted in the apartment.” (New York City Hous. Auth. v Manley, NYLJ, Jan. 8, 1997, at 26, col 2 [Hous Part, Civ Ct, NY County].) The petition and its attachments allege that respondent was present in her apartment when the police found 31 ziplock bags containing felony weight cocaine, a ziplock bag containing marijuana, other empty ziplock bags, three digital scales, a scanner, a safe, a napkin with a price list, and two cellphones. These allegations defeat respondent’s argument on her motion to dismiss that petitioner has not shown by inference that she knew or acquiesced in any alleged illegal trade or business from her apartment.
Respondent also moves for disclosure. Her original demand is overbroad, oppressive, and impossible for NYCHA or the (nonparty) New York County District Attorney’s Office to comply with. Respondent seeks, for example, all information from law enforcement concerning herself and her apartment for the six-month period before the police executed the search warrant. As to disclosure demands in eviction proceedings involving allegations of illegal activity, the court must weigh a tenant’s interest in disclosure against the public policy of enabling law enforcement to investigate without undue interference. (See New York County Dist. Attorney’s Off. v Harvin, NYLJ, Nov. 18, 1992, at 23, col 1 [Hous Part, Civ Ct, NY County]; Steven L. Kessler, New York Criminal and Civil Forfeitures including Narcotics Eviction Proceedings, at 300-305 [1999].) That balance tips against respondent, who does not show a compelling and particularized need for the material she seeks.
Since her original demand, however, respondent now notes in her reply memorandum of law that she “has a reduced need” to obtain “information leading up to the search warrant and evidence of prewarrant information” if petitioner adheres to its promise, made during oral argument of December 12, 2005, *227 that it will not seek to introduce “pre-warrant-execution evidence.” Petitioner agreed during today’s oral argument not to do so, except to ask a police officer at trial whether the affidavit underlying the search warrant is premised on information secured from a confidential informant. Without binding the trial court on an evidentiary motion in limine, this court would find that any answer to petitioner’s proposed question is inadmissible and thus that the question ought not be asked. The court assumes, therefore, that petitioner will not offer prewarrant execution evidence and, accordingly, that respondent will continue to have a reduced need for the disclosure it had originally sought. Regarding respondent’s continuing view that she is entitled to know at this pretrial phase precisely where the contraband and paraphernalia were recovered and what the napkin with the price list “actually says,” the court disagrees. Respondent must wait for the trial to learn that information.