■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SHERMAN, Appellant. [848 NYS2d 240]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered August 17, 2004, convicting him of criminal sexual act in the first degree, criminal sexual act in the second degree (two counts), aggravated

sexual abuse in the second degree (3 counts), sexual abuse in the first degree (four counts), attempted rape in the first degree (2 counts), attempted rape in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly permitted the People to withdraw their CPL 710.30 (1) notice of intention to offer at trial evidence of a statement made by the defendant to a public servant, and declined to conduct a *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]), as there was no question that the defendant's statement at issue was voluntarily made to a private citizen (*see People v Mirenda,* 23 NY2d 439 [1969]; *People v Cole,* 24 AD3d 1021 [2005]). Viewing the totality of the evidence, the law, and the circumstances of the case, we find that the defendant was not deprived of the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]).

While we agree with the defendant that the County Court should have reiterated its cautionary instructions concerning note-taking in its final instructions to the jury, the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there is no significant probability that the alleged error might have contributed to the defendant's conviction (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's remaining contentions concerning the County Court's ruling on the People's motion to compel him to submit DNA evidence and alleged prosecutorial misconduct are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, are without merit. Rivera, J.P., Santucci, Krausman and Lifson, JJ., concur.