*254 OPINION OF THE COURT
W. Patrick Falvey, J.
Defendant, Steven J. Fallucchi, was indicted on one count each of driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3) and § 1193 (1) (c) (i) and aggravated driving while intoxicated, per se, in violation of Vehicle and Traffic Law § 1192 (2-a) and § 1193 (1) (c) (i), both class E felonies.
Defendant moved for assorted forms of relief as requested in his notice of omnibus motion dated September 2, 2008.
The court granted the defendant’s application for so-called Huntley (People v Huntley, 15 NY2d 72 [1965]), and probable cause to arrest hearings which were held in the defendant’s presence, on September 30 and October 2, 2008.
Based on the defendant’s motion papers, the district attorney’s affirmation in opposition, the hearing where the court was able to observe the demeanor of all the witnesses, the arguments had, all submissions by counsel and all the proceedings herein the court decides as follows:
Facts
The defendant, claiming to be aggrieved by an unlawful arrest and unlawful or improper acquisition of evidence, has moved for dismissal of the indictment.
The defendant asserts that he was the subject of an unlawful arrest and any subsequent statements and/or the taking and testing of his blood were the result of an unlawful search and seizure.
Three witnesses testified, two on behalf of the People and the defendant on behalf of himself.
Two officers testified at the Huntley hearing. Sergeant Woodard heard the dispatch call from the Yates County 911 dispatch center on the morning of December 3, 2007, while at the police station. He testified that the dispatch center reported a “possible intoxicated male operating a black Jeep Cherokee leaving the Lake Street Plaza heading towards the main exit.” Meanwhile, Officer Stewart was on routine patrol in the village, and had also heard the dispatch call, and drove to the plaza, but the black Jeep Cherokee was no longer there. Sergeant Woodard left the station, got into his patrol car, and Officer Stewart radioed him, as Woodard was leaving the parking lot, to state that they had found the vehicle at 203 East Main Street. He *255 went directly to that address. When each officer arrived at the 203 East Main Street address, they both observed a black Jeep Cherokee in the driveway.
When Officer Stewart did not find a black Jeep Cherokee at the plaza, he went to the 203 East Main Street address. When asked what led him to that location, he responded: “Call description of the vehicle led me to that residence. I was familiar with that vehicle.”
The prosecutor then asked: “At the time of dispatch, were you given a description of the person or the vehicle or the plate or something like that,” to which Stewart answered: “It was a description of the vehicle.”
He was then asked what he found when he got to the 203 East Main Street address, and he responded: “There was a vehicle fitting the description given by dispatch in the rear of the house.”
Law and Conclusions
Probable Cause
The defendant asserts that his warrantless arrest was illegal, in that the police made a warrantless entry into his home, thus any statements or blood test results should be suppressed.
In the case of an emergency or exigent circumstances, the police may enter a private residence without a warrant. While the case of People v Mitchell (39 NY2d 173 [1976]) set up a three-prong test to determine whether the entry violated the Fourth Amendment, one of those prongs was recently deleted from the test by the U.S. Supreme Court in Brigham City v Stuart (547 US 398 [2006]). The test under Mitchell was:
“(1) the police had reasonable grounds to believe that there was an emergency at hand and an immediate need for their assistance for the protection of life or property, (2) the search was not primarily motivated by an intent to arrest and seize evidence, and (3) there was some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.” (People v Desmarat, 38 AD3d 913, 914-915 [2007].)
Since Brigham City, the second subjective test has been eliminated. “Instead, the only questions for our consideration under the Fourth Amendment are whether the police had reasonable grounds to believe that there was an emergency at hand and whether there was some reasonable basis, approximating *256 probable cause, to associate the emergency with the area or place to be searched.” (Desmarat at 915.)
The prong that is not met by the proof presented at the Huntley hearing in the case at bar is whether or not “there was some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.” {Desmarat at 915.)
Thus, given the fact that no proof was presented showing how the officers knew to go to the defendant’s residence it must be concluded that there was a failure of proof in regard to the test that the officers had “some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched.” {Id.)
The basis of Officer Stewart’s knowledge that the black Jeep Cherokee seen at the plaza belonged to this defendant was not sufficiently proven at the hearing.
While both officers testified concerning a prior call to which they responded to the address a month or less prior to December 3, 2007, involving this defendant, the proof at the hearing did not link a black Jeep Cherokee to this defendant, when there was no proof that the officers were given a plate number of the Jeep Cherokee, or were told by dispatch that the black Jeep Cherokee belonged to the defendant.
Therefore, the warrantless arrest of the defendant was in violation of his Fourth Amendment rights, thus requiring that any statements made by the defendant, blood test results and/or tangible evidence seized must be suppressed. The indictment is dismissed without prejudice.