OPINION OF THE COURT
George D. Marlow, J.
Defendant, Dalkeith McIntosh, stands indicted for, inter alia, the capital crime of murder in the first degree, a class A-l felony, in violation of Penal Law § 125.27 (1).
Defendant has filed numerous motions seeking various forms of relief.
The instant motion, denominated number 9, seeks an order invalidating CPL 270.20 on its face and, as applied to this case, to strike the District Attorney’s death notice, and to preclude the death penalty from being considered and imposed based on that alleged invalidity.
In the alternative, defendant asks the court to order that prospective jurors be removed for cause if, inter alia, their conscientious opinions in favor of a death sentence would likely "preclude or impair”, or, in the alternative, "preclude or substantially impair” them "from rendering an impartial verdict or from properly exercising the discretion conferred upon such juror[s] by law in the determination of a sentence pursuant to §400.27.”
CPL 270.20 (1) (f) provides that a prospective juror may be excused for cause in a death penalty case if he or she entertains such conscientious opinions either against or in favor of the death penalty "as to preclude such juror from rendering an impartial verdict or from properly exercising the discretion conferred upon such juror by law in the determination of a sentence”.
In Wainwright v Witt (469 US 412, citing Adams v Texas, 448 US 38, 45) the Court held that the proper standard for determining when a prospective juror may be excluded for cause because of his views on capital punishment is whether the juror’s views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath. While the Federal disqualification standard is broader, the language of the New York statute is essentially consistent with that upheld by the Supreme Court in Wainwright v Witt (supra) and indeed the New York statute renders it more difficult for prosecutors to excuse for cause potential jurors who have reservations against applying the death penalty. As noted, such jurors could not be excused un *726 less their views "precluded” adherence to the law and thus this court finds that such a standard passes scrutiny under both the Federal and State Constitutions. However, to the extent that the statutory language may be construed to deny a defendant’s challenge for cause to a prospective juror whose views in favor of the death penalty might substantially impair his or her ability to perform as a juror in accordance with law, the court would, of course, be constrained to determine such a challenge based upon the prevailing constitutional standard to insure defendant’s right to be tried by a fair and impartial jury, i.e., "jurors who will conscientiously apply the law and find the facts”. (Wainwright v Witt, supra, at 423; Morgan v Illinois, 504 US 719; People v Torpey, 63 NY2d 361; People v Blyden, 55 NY2d 73; People v Chinn, NYLJ, Nov. 19, 1996, at 31, col 3.)
The Adams Court recognized the limitation on the State’s power to exclude jurors on grounds broader than those permitted under the Sixth and Fourteenth Amendments as construed in Witherspoon v Illinois (391 US 510).
While New York can clearly afford greater protection to a defendant than is required by Federal law (People v Scott, 79 NY2d 474, 480), it cannot give less. (See, Adams v Texas, supra; Patterson v New York, 432 US 197.)
Indeed, State courts have in the past been faced with the challenge of implementing Federal pronouncements in the evolving area of constitutional rights in the absence of a conforming State statute. For example, in People v Huntley (15 NY2d 72, 74), the Court began its opinion by saying: "This is one of the cases in which we are under compulsion to work out — without benefit of controlling decision, statute or rule — an appropriate procedure for providing the separate hearing mandated by Jackson v. Denno (378 U. S. 368 [1964]) as to voluntariness of a confession received in evidence against a defendant at his trial.”
Therefore, in accordance with the prevailing constitutional standards, this court will grant valid defense challenges for cause when advanced against those prospective jurors whose views in favor of the death penalty would preclude or substantially impair those jurors’ ability to perform as a juror in accordance with law.
The balance of defendant’s motion for an order declaring CPL 270.20 unconstitutional is denied.