OPINION OF THE COURT
George R. Bartlett, III, J.
On May 28, 1997, the Schoharie County Grand Jury, in a single indictment (No. 97-13) charged defendants Donna Arroyo, Cary Wayne McKinley and Daniel Edwards with murder in the first and second degrees, conspiracy in the second degree, and criminal possession of a weapon in the second degree. Defendant Arroyo was also charged with criminal solicitation in the second degree. Notice to seek the death penalty was filed by the District Attorney against all three defendants and was withdrawn in the case of Cary McKinley on July 7, 1998.
Defendants Arroyo and Edwards move to challenge the life and death qualification standards permitting removal for cause of prospective jurors under CPL 270.20 and for certain alternative relief. Defendants argue that excluding jurors who have a conscientious objection to the death penalty necessarily results in a jury which is predisposed to imposing the death penalty and also results in a jury which is “pro-prosecution” and predisposed to conviction. Defendant Arroyo has also moved for the opportunity to initially voir dire prospective jurors on the “death qualification” issue in an alternating pattern with the prosecution. The People oppose the motions. The motions are denied in all respects.
It is well established that State statutes have a strong presumption of constitutionality. (Weems v United States, 217 US 349; People v Smith, 63 NY2d 41; People v Davis, 43 NY2d 17, 30, cert denied 435 US 998.)
CPL 270.20 (1) (f) states as follows:
“1. A challenge for cause is an objection to a prospective juror and may be made only on the ground that * * *
“(f) The crime charged may be punishable by death and the prospective juror entertains such conscientious opinions either against or in favor of such punishment as to preclude such *364 juror from rendering an impartial verdict or from properly exercising the discretion conferred upon such juror by law in the determination of a sentence pursuant to section 400.27.” This subdivision of the “challenge for cause” statute is part of the comprehensive death penalty legislation. The aim of the statute is to preclude the selection of jurors who would automatically vote for or against the death penalty because of their own strongly held personal beliefs and to ensure that all jurors selected will be able to set their personal beliefs aside and follow the court’s instructions on the law at the sentencing phase of the trial.
The court and the Legislature agree with defendant Edwards, who argues that “it behooves the Court and counsel to select those jurypersons who are capable of neutrality and lacking, to the extent humanly possible, any predisposition.” To this end, the Legislature seeks to disqualify any person who cannot commit to a neutral position when receiving instruction on the law. The life and death qualification questions are posed at the jury selection stage, prior to the guilt phase of the trial so that neutral jurors may sit in judgment from the outset; and so that a juror’s personal beliefs concerning the death penalty will not influence even the guilt determination.
In Wainwright v Witt (469 US 412, 424), the Court held that the standard for determining when a prospective juror may be excluded for cause because of his views on capital punishment is “whether the juror’s views would ‘prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.’ ” (Citing Adams v Texas, 448 US 38, 45.) In Morgan v Illinois (504 US 719) the Court guaranteed a capital defendant’s right to remove for cause all prospective jurors whose belief in the death penalty could not allow them to render an impartial verdict. Lockhart v McCree (476 US 162) assumed for the purposes of the opinion that a death qualified jury may be more “conviction-prone” and, nevertheless, rejected the claims that such a jury is constitutionally prohibited. Lockhart also held that a group which is defined by shared attitudes, which attitudes prohibit members of the group from carrying out their duties as jurors, does not constitute a “distinctive group” (supra, at 174) the exclusion of which would violate constitutional fair-cross-section requirements.
The New York State Court of Appeals has held that excluding jurors who are prevented by their views on capital punishment from performing their duties as jurors does not violate *365 the New York Constitution. (People v DiPiazza, 24 NY2d 342, 353-354.)
CPL 270.20 (1) (f) satisfies State and Federal constitutional requirements and protects the interests of the State and the defendant to an impartial jury. (See also, People v Hale, 173 Misc 2d 140, 188-193; People v McIntosh, 173 Misc 2d 724; People v Harris, 176 Misc 2d 967 [Kings County 1998]; People v Chinn, NYLJ, Nov. 19, 1996, at 31, col 3.)
The court, having determined that the “challenge for cause” provision satisfies both the State and Federal Constitutions, further determines that it is neither necessary nor statutorily authorized that the voir dire scheme enacted by the Legislature be replaced at this juncture by the alternate relief requested by the defendants, e.g., empaneling separate juries for the guilt and sentencing phases of the trial, or that all voir dire on the life and death qualification standard be deferred to just prior to the sentencing phase of the trial.
Nor is it necessary to deviate from the prescribed order of voir dire set forth in CPL 270.16 (1). A plain reading of the statute requires that on motion of either party, each individual juror be questioned commencing with questions by the prosecutor. The court will diligently monitor the voir dire process to ensure that this phase of the trial does not influence the jurors for or against conviction or the death penalty.