People v Harris (2002 NY Slip Op 50715(U))

[*1]

People v Harris

2002 NY Slip Op 50715(U)

Decided on February 19, 2002

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 19, 2002

Supreme Court, New York County
 THE PEOPLE OF THE STATE OF NEW YORK,
against
KENNETH HARRIS, Defendant.
Ind. No. 6385/2001

Edward J. McLaughlin, J.
The Court has reviewed the Grand Jury minutes. The minutes show that the evidence presented to the Grand Jury was legally sufficient to support the crimes charged, and that the prosecutor properly instructed the Grand Jury on the law. The Court rejects defendant's argument that additional legal instructions were required because he was charged with capital murder.
The Court rules as follows on defendant's motion to compel compliance with his demand to produce:
The following items are denied: 3, 8(g)-(m), 9(g)-(m), 10, 27, 28, 30, 31, 32(c)-(e).
The following items are granted in full: 1, 2, 5, 8(a)-(f), 9(a)-(f), 11, 14, 29, 32(f)-(i), and 37.
Items 4, 15-22, 24, 33, and 36 are granted to the extent that the requested information constitutes exculpatory material. See Brady v. Maryland, 373 U.S. 83 (1963). All exculpatory material presently possessed by the prosecution must be disclosed within 30 days from the date of this order.
Items 6 is granted if the requested information exists. If not, the prosecution is directed to disclose the requested information as soon as it comes into existence.
Item 7 is granted to the extent of directing the prosecution to make the requested material available for inspection by defendant at a mutually convenient time.
Items 12 & 13 are denied, but defendant may ask the Court to sign a subpoena so he can obtain the requested material.
Items 25-26 are granted for any person that the prosecution will not call as a witness.
Items 32 (a)-(b) are granted. The prosecution must either (1) give the defense the name and date of birth of any witness with a criminal past so the defense can independently investigate the witness's criminal history or (2) acquire the accusatory instruments and compose a statement of the factual basis for any conviction or other bad or immoral acts of a witness, and provide those items to the defense so the defense can prepare to cross-examine the witness the same as the prosecution would prepare to cross-examine the witness.
Items 34 and 35 are granted if the requested items exist.
The Court denies defendant's motion to compel compliance with his request for a bill of particulars. The information requested falls in the category of evidentiary detail beyond the [*2]scope of the bill of particulars.
The Court grants the prosecution's request for reciprocal discovery to the extent of requiring defendant to produce information pursuant to People v. Damon, 24 N.Y.2d 256 (1969), and to supply to the prosecution with any written reports or documents described in C.P.L. § 240.30[1][a].
The Court grants defendant's motion for hearings to determine whether (1) any statements, identification testimony, or physical evidence were the product of an unlawful arrest (see Dunaway v. New York, 442 U.S. 200 [1979]); (2) any statements were made involuntary or obtained in violation of defendant's constitutional rights (see People v. Huntley, 15 N.Y.2d 72 [1965]); and (3) any potential identification testimony was the product of a pretrial photographic identification procedure that was unduly suggestive (see Wade v. United States, 371 U.S. 218 [1963]).
The Court denies the motion to suppress the blue denim pants recovered during a search of defendant's residence. The search was conducted pursuant to a search warrant supported by probable cause to believe that the pants were evidence of a crime and would be found at that location. Defendant's arguments to the contrary are not persuasive.
The Court also grants defendant's request for a pretrial hearing to determine whether the prosecution may impeach defendant, should he testify at trial, with evidence of any of his prior criminal convictions, uncharged crimes or immoral acts. See People v. Sandoval, 34 N.Y.2d 371 (1974).
The Court directs the prosecution to disclose before trial any prior crimes or bad acts committed by defendant that the prosecution intends to introduce as part of its direct case. See People v. Ventimiglia, 52 N.Y.2d 350 (1981).
This is the court's decision and order.
Dated:February 19, 2002
J.
Decision Date: February 19, 2002