■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMITH, Appellant. [834 NYS2d 303]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered May 24, 2005, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

This Court may determine that a verdict is against the weight of the evidence by "draw[ing] inferences contrary to those implicitly drawn by the jury, and conclude that while legally valid, the verdict should nevertheless be set aside as contrary to the weight of the evidence" (*People v Acosta*, 80 NY2d 665, 672 [1993]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). Although the defendant points to his own testimony in support of his argument that he proved the affirmative defense of extreme emotional disturbance, there was testimony in the record to demonstrate otherwise. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant contends that his statements to the police should have been suppressed because detectives continued to interview him after he requested to speak to an attorney. The defendant's testimony at the *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]) was contradicted, however, by the testimony of the detectives who interviewed him, and the hearing court credited the testimony of the police witnesses. "Issues of credibility are primarily for the hearing court, and its findings should be upheld unless they are clearly erroneous" (*People v Gonzalez*, 246 AD2d 555 [1998]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). We find no basis to overturn the hearing court's determination. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.