People v Vasquez (2018 NY Slip Op 04761)





People v Vasquez


2018 NY Slip Op 04761


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-03201
 (Ind. No. 15-00232)

[*1]The People of the State of New York, respondent,
v
Miguel Vasquez, appellant.


Ostrer & Associates, P.C., Chester, NY (Benjamin Ostrer and Marissa Tuohy of counsel), for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.) rendered March 24, 2016, convicting him of promoting a sexual performance by a child (16 counts) and possessing a sexual performance by a child (15 counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for further proceedings consistent with CPL 160.50.
The defendant was charged with multiple counts of promoting a sexual performance by a child (Penal Law § 263.15) and possessing a sexual performance by a child (Penal Law § 263.16), relating to child pornography discovered on his home computer. Prior to a nonjury trial, the defendant withdrew his request for a pretrial Huntley hearing (see People v Huntley, 15 NY2d 72) to challenge the voluntariness of certain statements he allegedly made to law enforcement officials, and signaled his intention to instead challenge the voluntariness of those statements during the trial. During the trial, after the defendant introduced evidence on the issue of whether the statements were voluntary, the County Court interjected that, by waiving the Huntley hearing, the statements were "deemed voluntarily made." At the conclusion of the trial, the court convicted the defendant of 16 counts of promoting a sexual performance by a child and 15 counts of possessing a sexual performance by a child. The defendant appeals. We reverse and dismiss the indictment.
Upon the exercise of our independent factual review power (see CPL 470.15[5]), we find that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the [factfinder] was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348; see People v Bleakley, 69 NY2d 490). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (People v Danielson, 9 NY3d at 348-349).
Here, we conclude that an acquittal would not have been unreasonable and, further, that the verdict of guilt was against the weight of the evidence. The convictions were based on the defendant's alleged acts of downloading and/or sharing 15 video files and 2 still images, on multiple dates. The People introduced into evidence, inter alia, a written statement in English that the defendant made to law enforcement officials. In that statement, the defendant acknowledged having downloaded approximately 5 videos containing child pornography; he did not specify the names or descriptions of the materials, or the dates of the actions. The defendant's written statement included the name of the program used to download contraband materials to this computer, as well as a term allegedly used in titles of child pornography files, but a police investigator acknowledged that he had supplied those terms. Apart from the defendant's statement to the police, the prosecution adduced no other evidence showing that it was the defendant who had downloaded and/or shared the subject materials, consisting of 15 video files and 2 still photographs, on specific dates and times.
The defendant, testifying through a Spanish interpreter, claimed that, although he understands "quite a bit" of English, he "made many mistakes" during the interrogation, which was conducted in English. The defendant testified that he was not the sole user of the computer, he did not download the child pornography, and he only learned of its existence when he was interviewed by police investigators. The defendant testified to the effect that he made the incriminating statements to the detectives, which were reduced to the written statement, because he thought that was what they wanted to hear and he was attempting to cooperate with them to protect a family member. The defendant testified that the detectives first told him that he had to explain the existence of at least one video, but they later changed the written statement to say that he had downloaded five videos, without the defendant's permission. Although we ordinarily accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410), under the circumstances of this case, we give no deference to the County Court's assessment of the defendant's credibility on the issue of the voluntariness of his statements to law enforcement officials, as the court erroneously precluded the defendant from contesting the voluntariness of the written statement during the trial, contrary to his statutory and constitutional right to do so (see CPL 710.70; People v Huntley, 15 NY2d at 78).
Additionally, the defendant introduced into evidence time sheets from his employer, which indicated that when at least two of the alleged videos were downloaded, he was at work. The defendant also presented the testimony of a family member who acknowledged having "[un]intentionally" downloaded videos containing child pornography during the period from June through September 2014. The family member admitted to being the only member of the household who used the computer program that was used to download the illicit materials.
In light of, inter alia, this evidence, we find that the verdict of guilt was against the [*2]weight of the evidence (see People v Romero, 7 NY3d 633, 643-644; see also People v Kent, 19 NY3d 290, 302-303).
In light of our determination, we do not reach the defendant's remaining contentions.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court