People v Santiago (2025 NY Slip Op 51262(U))

[*1]

People v Santiago

2025 NY Slip Op 51262(U)

Decided on August 8, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Rogildo Santiago, Defendant.

CR-016244-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Sarah Shaklan of counsel), for plaintiff. 
New York County Defender Services, New York City (Anthony Curry of counsel), for defendant. 

Ilona B. Coleman, J.

By omnibus motion, the defendant requests an order granting a bill of particulars (CPL 200.95, 100.45 [4]); suppressing all fruits of an allegedly illegal search and seizure, including physical evidence, a noticed statement, and identification evidence (Dunaway v New York, 442 US 200 [1979]; People v Huntley, 15 NY2d 72 [1965]; U.S. v Wade, 388 U.S. 218 [1967]); precluding first-time in-court identifications at trial (People v Perdue, 41 NY3d 245 [2023]); and precluding the People from introducing evidence of prior bad acts at trial (People v Sandoval, 34 NY2d 371 [1974]; People v Molineux, 168 NY 264 [1901]). The People consent to suppression hearings but otherwise oppose. 
First, the request for a bill of particulars is denied. The People filed a bill of particulars on June 17, 2025, as part of their automatic disclosure form. That document and the misdemeanor information contain all the information the defendant has demanded that is authorized to be included in a bill of particulars (CPL 200.95 [5]). 
Next, the motion to suppress the noticed statement is granted to the extent that a Huntley/Wade/Dunaway hearing will be conducted before trial. The People do not oppose this relief.
The defendant's motion to preclude in-court identifications pursuant to People v Perdue, 41 NY3d 245 (2023), is denied (CPL 710.60 [3] [b]). The defendant has not put forth any factual allegations to support his implicit contention that "the dangers of misidentification" outweigh "the probative value of the identification" (Perdue, 41 NY3d at 247). 
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the next scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]).
This constitutes the decision and order of this court.
Dated: August 8, 2025
New York, NY
Ilona B. Coleman, J.C.C.