| People v Cabrera |
| :---: |
| **People v Cabrera** |
| 2025 NY Slip Op 34597(U) |
| December 16, 2025 |
| Supreme Court, Bronx County |
| Docket Number: Ind. No. 74161/25 |
| Judge: Ralph Fabrizio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**BRONX COUNTY, PART 18**
----------------------------------------------------------------x
**THE PEOPLE OF THE STATE OF NEW YORK**

                                      **Decision and Order**
                                      **Ind. No. 74161/25**

                         **-against-**

**SIMON CABRERA,**
                               **Defendant.**
----------------------------------------------------------------x
**FABRIZIO, J.**

Defendant is charged in this seven count indictment, <u>inter alia</u>, with possession of cocaine, fentanyl and oxycodone with intent to sell those drugs on September 5, 2025, and criminal possession of a loaded and operable semi-automatic handgun. The crimes are alleged to have occurred at the same time and location in Bronx County – opposite 3031 Bailey Avenue. As in every matter charging a defendant with counts alleging illegal possession of a firearm, defendant specifically moves to dismiss counts three, four, five and six, of this indictment charging him with criminal possession of a weapon in the second, third and fourth degrees, and criminal possession of a firearm.

As in scores of motions this Court has decided since July 2022, defendant claims his prosecution for these weapon possession charges are unconstitutional under New York's amended licensing law enacted following the Supreme Court's decision in <u>NYS Rifle & Pistol Assn. v. Bruen</u>, 597 US 1 (2022). In the past, this Court has routinely found that since the particular defendant had never applied for a gun license, that defendant lacked standing to bring this challenge. In <u>People v. Johnson</u>, 2025 NY LEXIS 1916 at * 1, *15 (November 24, 2025), <u>aff'g in result</u>, 225 AD3d 453 (1st Dept. 2024), the Court of Appeals held all defendants in New York State charged with unlawful possession of an unlicensed gun have a right to make a "facial constitutional

1

challenge" to the legality of the prosecution based on an argument that "a firearm license would have given the defendant a defense" to the criminal charge, and the person would have been unconstitutionally denied a license, regardless of whether they applied for a license.

Having standing to raise a constitutional claim is, of course, different from having an ability to raise a meritorious one. Johnson left the door open to raising specific claims challenging the constitutionality of New York's gun licensing laws other than one rejected by the Court. The Court held "Bruen did not render the state's entire gun licensing scheme unconstitutional because the 'proper cause' provision [found unconstitutional in Bruen] is severable" from the rest of the licensing statute. Id. at *20. The Court recognized New York amended its licensing laws by codifying objective licensing criteria that are "detailed and multi-faceted," including restrictions based on an applicant's age, record of prior felony convictions, and whether the applicant is "an unlawful user of a controlled substance." Id. at *17-18 (citing Penal Law 400.00(1)). The Court further held "[t]he party making a facial challenge [to the current licensing law] must establish that [the] law is unconstitutional in every possible application." Id. at *18. Here, under this test, defendant's failed to meet his burden of establishing the constitutionality of New York's post-Bruen licensing statute. He also failed to establish that his prosecution for gun possession charges in this case is unconstitutional.

Defendant dismisses his criminal history in making the argument that the entire licensing scheme is unconstitutional. That criminal history, in the court file, involves multi-state convictions and exceeds 35 pages. He has 17 prior convictions in New York State alone, four of which are for felony charges. He has an extensive criminal record in

2

the state of Delaware covering the period between 2010 and 2014. Several of those crimes involve burglary charges. It appears quite certain that, had defendant applied to obtain a gun license in New York prior to his arrest in this matter, the application would have been subject to denial based on his felony record alone. As the Supreme Court has held, a licensing regulation codifying "longstanding prohibitions on the possession of firearms by felons," deeply rooted in our country's jurisprudence, is constitutional. District of Columbia v. Heller, 554 US 570, 626 (2008). So, while defendant has standing to raise a constitutional claim about New York's entire gun licensing scheme even though he did not apply for a license, he raises no colorable claim that the State's denying such an application based on his long, multi-jurisdictional felony record would have unconstitutionally denied him his Second Amendment right to bear arms.

The application would have likely been rejected on other grounds. For example, our state's licensing scheme regulates the issuance of licenses to those who use and abuse unlawful controlled substances. Prior to his arrest in this case for illegal gun possession and possession of three separate narcotic drugs, including over 1/8 ounce of oxycodone, defendant was convicted on several occasions in New York for misdemeanor narcotic possession. It may well be argued this type of licensing factor does not have an easily definable historical analogue in laws that existed at the time the Second Amendment was ratified. Nonetheless, this Court adopts the 10th Circuit's well-documented, Bruen-based analysis in United States v. Harrison, 153 F.4th 998, 1014-20 (10th Cir. 2025), and holds this aspect of our regulatory licensing law passes the Johnson constitutional test criteria with flying colors.

3

[* 3]

Put simply, this is precisely a case where defendant cannot demonstrate that New York's gun licensing laws would be rendered "unconstitutional in every possible application," because there are well-founded and deeply rooted reasons supporting a finding that denial of such an application would have rested on firm constitutional grounds.

In any event, defendant's prosecution for possessing a gun in this case, where the possession is alleged to be part of a narcotics distribution operation, does not run afoul of the Second Amendment for reasons that have nothing to do with New York's licensing statute. "'Given that the Supreme Court has said the purpose of the Second Amendment right is lawful self-protection . . . the Second Amendment does not protect the unlawful purpose of possessing a firearm in furtherance of drug trafficking crime.'" People v. Martinez, 2025 N.Y. Misc. LEXIS 3789 at *12, April 10, 2025 (Sup Ct. Queens County) (citing Orrego Goez v United States, 656 F Supp 3d 1370, 1375 (SD Fla 2023), accord, United States v Bryant, 711 F3d 364, 369 (2d Cir 2013)).

For these reasons, this Court denies the defendant's application to dismiss these counts on Bruen/Johnson grounds.

In terms of the motion to dismiss all counts of the indictment on other grounds, this Court has reviewed the arguments raised in the motion papers and the minutes of the proceedings before the grand jury, and denies this aspect of the motion as well. The Court finds the evidence presented to the grand jury was legally sufficient to support all the charges voted. Moreover, in terms of the challenges raised to the procedures, the minutes reveal a quorum of grand jurors was present at all times during the presentation of this case,  and the grand jury was provided with proper direction on the law. Although

4

one of the voucher numbers for the narcotics evidence given by the officer did not match the one on the lab report, the lab report placed into evidence contains other identifying information which link the narcotics recovered to the possession charges voted by the grand jury.

This Court grants defendant's motion to suppress evidence to the extent of ordering pre-trial Mapp/Dunaway/Huntley hearings be conducted. The hearing court will determine whether the police legally recovered the extensive physical evidence supporting the charges in this case, whether the physical and statement evidence are the fruits of an arrest made without probable cause, and the voluntariness of defendant's noticed statements. See Mapp v Ohio, 367 US 643 (1961); Dunaway v. New York, 442 US 200 (1979); People v Huntley, 15 NY2d 72 (1965).

The motion to preclude additional statement or identification evidence, which requires notice the People have not given, is granted, absent a showing of good cause, to the extent that the People have failed to serve notice within 15 days of arraignments, pursuant to CPL §710.30(2).

Pursuant to Criminal Procedure Law §§ 245.10(1)(b) and 245.20(3), not later than 15 days prior to the first scheduled trial date, the People are directed to notify defendant of all specific instances of prior uncharged criminal, vicious or immoral conduct of which the People have knowledge and which the People intend to use at trial for purpose of impeaching defendant's credibility or on their direct case. Sandoval and Ventimiglia hearings are granted and referred to the trial court. People v Sandoval, 34 NY2d 371 (1974); People v. Ventimiglia, 52 NY2d 350 (1981).

5

[* 5]

Additional motions are precluded, absent a showing of good cause and/or due diligence, as it has been over 45 days since defendant's arraignment.  CPL §255.20(3). Defendant may file additional motions if warranted by the late disclosure of discovery.

This is the Decision and Order of the Court.


**Dated: December 16, 2025**


_____

**Hon. Ralph Fabrizio**